IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

F.A. SMITH,
    Plaintiff,

vs.                                      Case No.:  5:06cv231/RS/EMT

NEWTON KENDIG, et al.,
    Defendants.
_____/

## **O R D E R**

      Plaintiff, a federal prisoner proceeding pro se, initiated this action by filing a civil rights complaint under 28 U.S.C. § 1331 (Doc. 1).  He also filed a memorandum of law and nearly ninety (90) pages of exhibits.  The complaint was not on the court-approved form for use in section 1331 cases.  Plaintiff then filed an amended complaint on the form for use in actions filed under 42 U.S.C. § 1983 (Doc. 5).

      Because Plaintiff did not file his complaint on the proper form, he shall be required to file a second amended complaint on the form approved for use in section 1331 cases.  Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under section 1331 unless the appropriate complaint form is completed.  Furthermore, unlike the form for use in section 1983 cases, the section 1331 form requires information regarding exhaustion of administrative remedies with the federal Bureau of Prisons.  Thus, Plaintiff must file his complaint on the proper form, even if he wishes to attach separate pages explaining the facts that underlie the complaint.  Plaintiff is advised, however, that he should not file a memorandum of law or otherwise provide citations to statutes and cases, and should not file exhibits as evidentiary support for his complaint.  The court will notify Plaintiff when memoranda and exhibits are

necessary, such as prior to trial or in conjunction with a motion for summary judgment. As Plaintiff's submission of exhibits was premature, the exhibits shall be returned to him.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1. The clerk is directed to send to Plaintiff a civil complaint form for use in case filed under 28 U.S.C. § 1331 or § 1346. This case number should be written on the form. Additionally, the clerk shall return to Plaintiff the exhibits attached to his original complaint.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file a second amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked "Second Amended Complaint."

3. Failure to comply with this order may result in dismissal of this action.

**DONE AND ORDERED** this 22nd day of December 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

Case No.: 5:06cv231/RS/EMT